Kacey L. RUEGSEGGER, Plaintiff,

v.

JEFFERSON COUNTY SCHOOL DIS-
TRICT R–1, Frank DeAngelis, individ-
ually and in his official capacity, Pe-
ter Horvath, individually, William
Butts, individually, Garrett Talocco,
individually, Judy Kelly, individually,
Tom Tonelli, individually, Tom John-
son, individually, John or Jane Does 1
Through 10, individually, Defendants.

No. CIV.01–B–731.

United States District Court,
D. Colorado.

Nov. 27, 2001.

Robert A. Schuetze, Cortez, Macaulay, Bernhardt & Schuetze, LLC, Denver, CO, for Plaintiff.

William J. Kowalski, Caplan & Earnest, L.L.C., Boulder, CO, for Defendants.

## ORDER

BABCOCK, Chief Judge.

Defendants Frank DeAngelis, Peter Horvath, William Butts, Garrett Talocco, Judy Kelly, Tom Tonelli, Tom Johnson, (collectively, the School Defendants) and the Jefferson County School District R-1 (School District) move, pursuant to Fed. R.Civ.P. 12(b)(6), to dismiss all claims brought by Plaintiff Kacey L. Ruegsegger. Oral argument would not materially assist in the determination of the Rule 12 motion. After consideration of the motion and briefs, and for the following reasons, I grant the motion.

## I.

### Facts

The following facts are alleged in Plaintiff's Complaint (Complaint), filed after Kacey Ruegsegger turned eighteen years of age. During the morning of April 20, 1999, Columbine students Eric Harris and Dylan Klebold, attacked Columbine High School (Columbine or the school) and the persons in the school using guns and home-made explosive devices. C/O ¶ 12. Plaintiff Kacey L. Ruegsegger, also a Columbine student, was shot and seriously injured in the Columbine High School library, see C/O ¶ 16, by Klebold and/or Harris. See id. at ¶¶ 12–21. The attack, apparently planned for more than a year, involved meticulous planning and extensive preparation, including selection of a date, design of a scheme, surveillance of school activities, acquisition of bomb-making supplies and firearms, construction and testing of bombs, modification of firearms, shooting practice, and transportation and delivery of bombs to Columbine. See C/O

¶ 17. Allegedly, during their lengthy preparation for the April 20, 1999 attack, Harris and Klebold made multiple disclosures and announcements of their "evil desires and intent" through a website, videotapes, writings, and verbal statements. See id. at ¶ 19.

Defendants Talocco, Kelly, Tonelli, and Johnson were Columbine teachers who taught Harris and/or Klebold. See C/O ¶¶ 6–9. Defendant DeAngelis was, at all material times, the principal of Columbine. Id. at ¶ 3. Defendant Horvath was, at all material times, an assistant principal at the school. He was assigned duties that included in-school conduct and discipline. Id. at ¶ 4. Defendant Butts was a counselor at Columbine from whom Klebold received counseling. Id. at ¶ 5.

Plaintiffs allege that through Deputy Sheriff Gardner, the school resource officer, and other law enforcement officials, the Defendants learned of a citizens' complaint filed by Mr. and Mrs. Brown, parents to a Columbine student. C/O ¶ 28. The Browns informed the Jefferson County Sheriff's Department that Harris had made explicit threats to harm students, including their son, Brooks Brown. Id. The Browns advised the Sheriff's Department about a website maintained by Harris containing death threats and statements that Harris and Klebold were planning to use pipe bombs to kill numerous people. The website also included: 1) a description of a pipe bomb detonation by Harris and Klebold; 2) detailed descriptions of multiple pipe bombs built by Harris and Klebold; 3) explicit threats to shoot and kill people; 4) reference to killing using a sawed-off shotgun; 5) threats to "go to some downtown area in some big ... city and blow up and shoot everything I can;" and 6) threats to rig up and detonate explosives and shoot numerous people. Id.

Allegedly, in addition to the website, school administrators were made aware of the existence of videotapes, writings, and verbal statements of Harris and Klebold on numerous occasions and by different people well in advance of the April 20, 1999 attack. C/O ¶ 20. For example, Devon Adams, a Columbine student, met with an unidentified assistant principal and informed this person that Harris was intimidating and threatening her. *See* C/O ¶ 32. Stating that "it is not a safe environment when [Harris] is around," Ms. Adams told the assistant principal that she and other students did not feel safe. *Id.*

An unidentified "security director" recommended that Columbine implement a policy whereby school officials would be required to notify and meet with parents and law enforcement officials as soon as they learned of a threat by a student to commit an act of violence. *See* C/O ¶ 22. The proposed policy provided:

> To prevent a serious act of violence on our school campuses, any District employee who becomes aware of a student who threatens to kill someone must adhere to the following guidelines.

*Id.* The guidelines provided that a student who threatened to kill or committed any act of violence must be immediately detained in the principal's office while parents and law enforcement officers were notified. *See id.* According to Plaintiff, Columbine school officials failed to follow and/or implement this security policy. *See* C/O ¶ 24.

## II.

### Claims

Plaintiff brings the following claims based on the foregoing allegations:

#### Claim One

Willful and Wanton Conduct against Defendants DeAngelis, Horvath, Butts, Talocco, Kelly, Tonelli and Johnson, in their individual capacities.

#### Claim Two

42 U.S.C. § 1983 Substantive Due Process Right to Life, Liberty and Personal Security—Special Relationship and State–Created Danger—against Defendants DeAngelis, Horvath, Butts, Talocco, Kelly, Tonelli and Johnson, in their individual capacities.

#### Claim Three

42 U.S.C. § 1983–Municipal Liability Arising from Acts of Policymaker Principal DeAngelis, in his official capacity and the Jefferson County School District R–1 for inadequate policies, customs, practices and training.

All Defendants move, pursuant to Fed. R.Civ.P. 12(b)(6), to dismiss the federal and state claims for failure to state claims upon which relief can be granted. Further, the individual School Defendants, accepting as true Plaintiff's well pleaded facts, assert entitlement to qualified immunity from suit as to the § 1983 claims. They also seek dismissal of Claim One as barred by the Colorado Governmental Immunity Act (CGIA), § 24–10–101, *et seq.*

## III.

### Fed.R.Civ.P. 12(b)(6)

Under Rule 12(b)(6), I may dismiss a complaint for failure to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). If the plaintiff has pleaded facts that would support a legally cognizable claim for relief, a motion to dismiss should be denied. *Id.* I accept as true all well-pleaded facts, as distinguished from conclusory allegations, and view those facts in the light most favorable to the nonmoving party. *See Maher v. Durango Metals, Inc.,* 144 F.3d 1302, 1304 (10th Cir.1998). All reasonable inferences

must be construed in the plaintiff's favor. *See Dill v. City of Edmond*, 155 F.3d 1193, 1201 (10th Cir.1998). Materials attached to a complaint and incorporated into it may be considered without converting the Rule 12(b)(6) motion to one of summary judgment. *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir.1991).

## IV.

### Qualified Immunity

The individual School Defendants maintain they are entitled to qualified immunity from Claim Two because the contours of the pertinent law were not clearly established on April 20, 1999. The principles of qualified immunity are set forth in the companion case *Castaldo v. Stone*, 2001 WL 1808538, —— F.Supp.2d —— (D.Colo. 2001) and need not be repeated here.

## V.

### Claims

#### A. State Law Claims

**1. Claim One—Willful and Wanton Conduct against Defendants DeAngelis, Horvath, Butts, Talocco, Kelly, Tonelli and Johnson, in their individual capacities.**

■ The School Defendants move to dismiss Claim One on the grounds that this claim: 1) is barred by the Colorado Governmental Immunity Act, Colo.Rev. Stat. § 24—10–118; and 2) fails to state a claim upon which relief may be granted because Colorado's common law imposes no duty to protect others from harm by third parties and for lack of causation.

Based on the law and analysis contained in § V(A) concerning Claim One in *Castaldo*, as applied to the generally indistinguishable allegations pleaded in support of Claim Four in *Castaldo* and Claim One in this case, I conclude that the School Defendants are entitled to dismissal of Claim One on both grounds.

#### B. 42 U.S.C. § 1983 Claims

**1. Claim Two –42 U.S.C. § 1983 Substantive Due Process Right to Life, Liberty and Personal Security—Special Relationship and State–Created Danger against Defendants DeAngelis, Horvath, Butts, Talocco, Kelly, Tonelli and Johnson, in their individual capacities.**

■ Defendants DeAngelis, Horvath, Butts, Talocco, Kelly, Tonelli and Johnson, move to dismiss Claim Two in which Plaintiff alleges that the individual School Defendants' actions, decisions, and omissions caused and/or knowingly acquiesced in the violation of Kacey Ruegsegger's constitutional rights. *See* C/O¶ 76.

In *Castaldo*, Plaintiffs brought the identical claim against all of the School Defendants in this action based on the same legal theories and core facts. In *Castaldo*, I concluded that Plaintiffs failed to establish the requisite special relationship. As to the danger creation doctrine, I concluded that Plaintiffs had not met the factors set out in *Uhlrig v. Harder*, 64 F.3d 567 (10th Cir.1995); *cert. denied*, 516 U.S. 1118, 116 S.Ct. 924, 133 L.Ed.2d 853 (1996). For the reasons set out in *Castaldo*, I conclude in this case that Plaintiff was not in a special relationship with the School Defendants. Nor have all five *Uhlrig* factors been satisfied. Thus, the School Defendants are entitled to dismissal of Claim Two. Qualified immunity also attached for the reasons stated in *Castaldo*.

**2. Claim Three42 U.S.C. § 1983–Municipal Liability Arising from Acts of Policymaker Principal DeAngelis, in his official capacity and the Jefferson County School District R–1, for inadequate policies, customs, practices and training**

■ Defendants DeAngelis and the School District move to dismiss Claim

Three in which Plaintiff alleges that the School District's policymakers failed to create or implement policies or practices that "would have resulted in the interruption, disruption, and termination of Harris' and Klebold's plot to kill their fellow students." C/O ¶¶ 114–17. Mr. DeAngelis was a final policymaker for Columbine High School and established customs and practices for Columbine staff. *See* C/O ¶ 103. Plaintiff alleges that in addition to Defendant DeAngelis, the School District may have relied on other policymakers in formulating or failing to formulate policies, customs, and practices at Columbine. *Id.* at ¶ 104.

 As set out in *Castaldo,* under *Monell v. Department of Social Servs.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the School District and its policy makers may not be held liable pursuant to § 1983 unless one of the School District employee's committed a constitutional violation and a School District policy or custom was the moving force behind the constitutional deprivation. *See id.* at 695. *See also, Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1317 (10th Cir.1998). This rule applies also to failure to train claims. *See id.*

Plaintiff has not made the requisite predicate showing of an underlying constitutional violation. Therefore, Plaintiff cannot meet this element. In addition, Harris and Klebold were the "moving force" behind Plaintiff's injuries. Plaintiff's allegations that her injuries could have been avoided if there were different policies in place or adequate training fail to state a claim upon which relief may be granted.

Accordingly, IT IS ORDERED that:

1. Claim One against the School Defendants, in their individual capacities, is DISMISSED;

2. Claim Two against the School Defendants, in their individual capacities, is DISMISSED; and

3. Claim Three against Defendant DeAngelis, in his official capacity, and the Jefferson County School District R–1 is DISMISSED;